# BANK OF COMMERCE OF ALBUQUERQUE, N. M., v. DILLON.

No. 2538. Opinion Filed February 18, 1913.

(130 Pac. 538.)

1. APPEAL AND ERROR—Review—Sufficiency of Evidence. Where a verdict is reasonably supported by the evidence, the judgment based upon it will not be reversed.

2. ALTERATION OF INSTRUMENTS—Note—Effect on Validity. A material alteration of a promissory note renders it void.

(Syllabus by Rosser, C.)

*Error from Washita County Court;*
*L. R. Shean, Judge.*

Action by the Bank of Commerce of Albuquerque, N. M., against G. A. Dillon. Judgment for defendant, and plaintiff appeals. Affirmed.

*Burnette & Beets,* for plaintiff in error.
*Smith & Wagner,* for defendant in error.

Opinion by ROSSER, C. This was an action by the Bank of Commerce of Albuquerque against G. A. Dillon on three promissory notes for the sum of $50 each, given to the Rio Grande Woolen Mills Company. The notes were ordinary negotiable instruments, except that below the signature of the maker was printed on the same piece of paper the following:

"Albuquerque, New Mexico. This is to certify to the giver of this note that the note will have indorsed upon its back the earnings of the ten shares of stock for which the note was given until the note is entirely paid. And it is further agreed that this note will not be presented for collection but will be renewed until paid as above stated. Rio Grande Woolen Mills Co., Co-operative."

This certificate was detached from each note and afterwards the notes were transferred to the plaintiff bank as collateral se-

curity for indebtedness of the Rio Grande Woolen Mills Company to it.

The defendant makes the defense that the removal from the contract of the certificate was a material alteration, amounting to a forgery, and defeated the note in the hands of an innocent purchaser, and also that the plaintiff was not an innocent purchaser, but that it received the notes after maturity and without indorsement. There was a judgment for defendant.

The plaintiff contends that the contract not to present the note, which was attached at the bottom of the note, and the signing of the note with the contract attached, was such negligence as estopped the defendant from taking advantage of the alteration. It seems to be conceded that if there was such a contract attached that it was an alteration to detach it. The greater portion of plaintiff's brief is taken up with the question of estoppel and negligence. It is not necessary to decide this question. The trial court instructed the jury fully and carefully that ·if the defendant signed the notes with the memorandum or agreement attached in such a way that it might be cut or torn off without altering the note above the signature, or changing its wording or outward appearance, or anything in connection with the portion above the signature, the defendant was guilty of such negligence as would estop him from making the defense that the note had been altered; and that he would be bound to pay the note in the hands of the person who received it in the due course of business before maturity, for value, and without notice. And throughout his instruction the jury was given to understand, in unmistakable language, that if the plaintiff received the notes by indorsement and delivery before maturity, without notice of the alteration, it should recover.

The only question here, then, is as to whether or not the plaintiff received the notes before maturity, and without notice of any change or· alteration therein. The cashier of the bank testified that a large number of notes were left with the plaintiff bank by the general manager of the Rio Grande Woolen Mills

Company, but did not specifically identify the notes in question as having been left with the bank before maturity, and did not give any particular time when they were left there. W. J. Johnson, who was employed by the bank at the time the Rio Grande Woolen Mills Company was depositing notes with the bank as collateral, testified to receiving a large number of notes from that company, and testified that the notes from that company were deposited before maturity. He does not identify the particular notes as having been deposited with him, and does not undertake to testify when they were delivered, with reference to whether it was before or after maturity. The defendant testified that he received a notice from the Rio Grande Woolen Mills Company long after the maturity of the notes, requesting their payment. T. W. Woodrow, who represented the Woolen Mills Company in obtaining the defendant's signature to the notes, testified that after the maturity of the notes he had a settlement with the Woolen Mills Company, at which time all of the notes taken by him were in the possession of the Woolen Mills Company; and that none of the notes had been indorsed to the bank at that time. He does not undertake to identify the particular note in question, but is positive that all the notes which he took were in the hands of the Woolen Mills Company; and that he settled with that company with the notes before him and the company, and used as a basis of settlement. From a consideration of this evidence, it cannot be said that the verdict of the jury was not sustained by the evidence.

Plaintiff further contends that, as the defendant admits that he was to pay $5 in cash on the notes, it is entitled to a judgment for that sum, because there was no proof that he had ever paid the $5. The notes having been materially altered, the payee could not recover upon them; and, unless the plaintiff received them before maturity and without notice of the alteration, it could not collect any part of the amount. 2 Cyc. 182, and authorities there cited.

The judgment of the lower court should be affirmed.

By the Court: It is so ordered.